ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Jun-06 08:18:40
60CV-17-2816
C06D17 : 7 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

| | |
|---|---|
| **BOB PORTO, D/B/A BOB PORTO BUILDERS**, for Himself and All Other Arkansans Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>**SAFECO INSURANCE COMPANY OF AMERICA**,<br><br>Defendant. | Case No. _____ |

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff Bob Porto, d/b/a Bob Porto Builders, for himself and for all other Arkansas citizens similarly situated, and for his class action complaint against Defendant Safeco Insurance Company of America ("Safeco" or "Defendant"), alleges as follows:

1.  This is a class action case brought by an Arkansas roof builder against Defendant Safeco for damages and injunctive relief due to its policy and practice of approving the lowest bidder to provide a roof replacement knowing the low bidder has no intention of following building codes.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this civil state law claim.

3. Venue is proper in this County in that the conduct complained of occurred in Pulaski County, and Plaintiff resides in Pulaski County.

## PARTIES

4. Plaintiff Bob Porto d/b/a Bob Porto Builders ("Plaintiff" or "Porto") is a citizen of Arkansas and a resident of Pulaski County.

5. Defendant Safeco Insurance Company of America ("Safeco" or "Defendant") has its principal place of business at 62 Maple Avenue, Keene, NH 03431, but it operates and derives substantial revenue from Arkansas and Pulaski County. Further, all of the wrongdoing alleged in this complaint was committed by Safeco in Arkansas.

## FACTUAL ALLEGATIONS

6. For over 20 years, Plaintiff has been involved in new home construction, and kitchen and bath makeovers.

7. Recently, Plaintiff's work has focused on the replacement of roofs on residential properties – particularly, those that have been damaged by storms.

8. Plaintiff is licensed by the Arkansas Contractors Licensing Board to build and/or replace a roof, and he is knowledgeable of the Arkansas building codes, including those building codes related to roofs.

9.  Since on or about January, 1 2016, Plaintiff has lost roofing jobs to lower bidders because the lower bids ignore roofing codes and these roofers have no intention of replacing the roofs consistent with Arkansas's roofing codes.

10. Safeco is completely aware that the lower bidders are not going to replace the roofs within code, and even though its policy with its customer specifically provides that repairs will be made within code.

11. Indeed, Safeco acts with knowledge and forces its customers to use the lower bidders who are not going to replace their roofs within Arkansas's building codes, because it will only pay the lowest bidders' price in order to save money in its payouts.

12. As a result, roofers licensed by the Arkansas Contractors Licensing Board, such as Plaintiff, are damaged by Safeco's purposeful decisions to choose bidders and bids incapable of meeting building codes to repair or replace its policyholders' roofs.

13. Safeco's wrongdoing, as alleged above, is continuing to the detriment of Plaintiff and other Arkansas licensed roofers.

14. Further, Plaintiff and other similarly situated licensed roofers have suffered damages as a result of Safeco's wrongdoing.

## CLASS ALLEGATIONS

16. This case is brought as a class action pursuant to Arkansas Rule of Civil Procedure ("ARCP") 23.

17. Plaintiff brings this action on his own behalf and on behalf of the following "Class:"

> All citizens of Arkansas that from January 1, 2016 to the date this Class is certified were licensed by the Arkansas Contractors Licensing Board and that placed bids to repair or replace a roof on a residential property in Arkansas that was insured by Safeco, but lost the bid to another bid that did not account for the meeting of Arkansas's building codes.
>
> Excluded from the Class is the judge presiding over this cause of action and his/her immediate family members, and every director, officer, employee, or agent of the Defendant.

18. Although the precise number of members of the Class is presently unknown, such information would be within the records of Safeco. Upon information and belief, Safeco insures thousands of homes in Arkansas and has paid for the repair and replacement of hundreds of roofs in Arkansas during the relevant time period. Thus, the Rule 23 numerosity element is satisfied.

19. Plaintiff is a member of the Class.

20. Plaintiff's claims are typical of the claims of all Class members.

21. No antagonism exists between the interests of the representative Plaintiff and the interests of other Class members, and Plaintiff is fully prepared to diligently pursue this case on behalf of all Class members.

22. Plaintiff's counsel is experienced in class action litigation and well-qualified to conduct this litigation.

23. There exist numerous common questions of law or fact in this action within the meaning of ARCP 23 and these common questions predominate over any questions affecting only individual class members within the meaning of the Rule.

24. Common questions of law or fact here include, without limitation:

    a. Whether Safeco is knowledgeable of Arkansas's building codes;

   b. Whether Safeco caused its policyholders to repair or replace their residential roofs not to code;

   c. Whether Safeco's actions are in violation of the Arkansas Deceptive Trade Practices Act ("ADTPA");

   d. Whether Safeco has acted on grounds that apply generally to all members of the Class so that declaratory and injunctive relief is appropriate; and,

   e. Whether Plaintiff and Class members have sustained damages and the proper measure of that damage.

  25. Pursuant to ARCP 23, the questions of law and fact common to the members of the Class predominate over any questions affecting only individual Class members. Further, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy because, among other things, it is desirable to concentrate the litigation of the Class members' claims to one forum, since it will conserve party and judicial resources and facilitate the consistency of adjudications.

### COUNT I

### VIOLATIONS OF THE ARKANSAS
### DECEPTIVE TRADE PRACTICES ACT

  37. Plaintiff and the Class re-allege and incorporate the paragraphs above.

  38. The ADTPA, A.C.A § 4-88-101, *et seq.*, is designed to protect against deceptive, unfair and unconscionable trade practices.

  39. The ADTPA is a remedial statute which is to be liberally construed.

  40. The policies and practices employed by Safeco of ignoring Arkansas's building codes, and sound roofing practices in order to provide safe homes in Arkansas, are unfair and unconscionable business practices, and thus, in violation of A.C.A. § 4-88-107(a)(10).

41. Plaintiff and the Class have suffered actual damages as a result of Defendants' unconscionable and unfair trade acts in violation of A.C.A. § 4-88-107(a)(10).

## COUNT II

### DECLARATORY AND INJUNCTIVE RELIEF

37. Plaintiff and the Class re-allege and incorporate the paragraphs above.

38. Pursuant to A.C.A. § 16-111-101, *et. seq.*, Plaintiff and the Class are entitled to a declaration that Safeco's actions of ignoring building codes, refusing bids of licensed roofers taking into account Arkansas's building codes, and causing its policyholders to repair or replace their roofs in violation of building codes is unlawful and deserving of injunctive relief.

39. Proper injunctive relief would be an order requiring Safeco to accept only detailed roofing bids from those with proof that they are licensed by the Arkansas Contractors Licensing Board and are in good standing with the Board, and further, that any bid or estimate for replacement or repair of a roof in Arkansas from such licensed contractor delineate Arkansas's building codes and the cost necessary to meet each code provision.

### JURY DEMAND

Plaintiff demands a trial by jury of twelve on all issues so triable.

## PRAYER

WHEREFORE, Plaintiff and the Class pray for entry of Judgment in their favor and against Defendant that:

    a.    Certifies the Class pursuant to ARCP 23;

    b.    Awards Plaintiff and the Class their actual damages;

    c.    Awards Plaintiff and the Class punitive damages;

    d.    Declares Defendants' actions as unlawful and orders injunctive relief as described above;

    e.    Awards Plaintiff and the Class their costs and attorneys' fees; and,

    f.    Provides all other just and equitable relief for which Plaintiff and the Class are entitled.

DATE: June 6, 2017            Respectfully,

                                        POYNTER LAW GROUP

*/s/ Scott Poynter*

                                        Scott Poynter

Scott Poynter, AR Bar No. 90077
scott@poynterlawgroup.com
400 W. Capitol Ave., Suite 2910
Little Rock, AR 72201
(501) 251-1587